## OLIVER H. BLISS *v.* JAMES PATRICK.

Where the plaintiff sues for a debt due to him individually, the defendant may plead, in compensation, a debt due to him by a commercial firm, of which the plaintiff was a member.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Elmore* and *King*, for plaintiff, to show that compensation did not take place, referred to the following authorities: *Walsh* v. *Wells*, 7 L. R. 337, 340. *Blanchard* v. *Cole*, 8 L. R. 162. *Smith* v. *Duncan et al.*, 1 M. R. 25. *Thomas* v. *Elkins*, 4 M. R. 378.

*T. H. Howard*, for defendant.

The judgment of the court was pronounced by

SLIDELL, J. *Bliss* sues *Patrick* for $395 90, the price of certain merchandise sold by him to *Patrick*. *Patrick* sets up, in compensation, a sum of $306 59, due to him by the firm of *Jones* and *Bliss*, of which the plaintiff was a member. At the trial of the cause, the following bill of exceptions was taken: "Be it remembered, that on the trial of this cause, the counsel of defendant offered, in evidence, the testimony taken under two commissions, &c.; which testimony was offered to prove that said defendant was and is the owner of a claim against the late commercial firm of *Jones* and *Bliss*, of which the plaintiff was a member, for $306 59, which claim is set up in compensation against *Bliss*, the plaintiff, in his answer, by said defendant. That the plaintiff's counsel objected to the reading of such evidence, on the ground that such claim could not be pleaded in compensation, it being a claim against the partnership of *Jones* and *Bliss*, and not against *Bliss*, individually. Whereupon, the court sustained such objection, &c."

The question, then, we have to consider is, whether the debtor of an individual can, when sued by his creditor, plead in compensation a debt due to him, the defendant, by the commercial firm of which the plaintiff is a member.

The error into which the plaintiff's counsel falls, in answering this question in the negative, consists in confounding the case in question with another case quite dissimilar; and that is, the case of a partnership suing its debtor, and that debtor attempting to set up in compensation, a debt due to him by one of the partners individually.

There is a just and satisfactory reason for the well settled doctrine, that a debtor of the partnership cannot, when sued, plead in compensation a debt due to him by one of the partners individually. *Corpus societatis aget, non ille*. It is the partnership that sues, not the partner. What is the partnership? It is a moral being, distinct from the persons who compose it. *Tictæ cujasdam personæ vicem obtinet*. All its assets, including, of course, all debts due to it, are a fund which, in legal contemplation, does not belong to the individuals who compose it. Their interest is merely residuary. The fund belongs to the partnership; is affected by a lien, or preference, in favor of partnership creditors; and is not to be applied to the individual benefit of a member of the firm, except upon a partition, after a full settlement of the partnership liabilities. When, therefore, a debtor of the firm attempts to set off a debt of an individual partner, he substantially attempts to abstract so much from the assets of the partnership, in violation of the rights of partnership creditors, and of the other partners, and apply it to the individual use of the partner who is his debtor.

But the case before us is a very different one. *Patrick* attempts to violate no right of the partnership of *Jones* and *Bliss*, or of its creditors. He seeks not to abstract anything from the social fund. *Bliss* says to him, pay me what you owe me. *Patrick* answers, pay me also what you owe me. *Bliss* rejoins, it is the partnership of *Jones* and *Bliss* that owes you. *Patrick* can successfully respond, that is true; but you, also, are my debtor for that very debt. As a commercial partner, you are bound to me *in solido*. Had I chosen to bring a suit against you alone, not joining either the partnership or *Jones* as co-defendants

with you, I could have maintained my action. How, then, can you refuse me the right to use that as a means of defence which I could have used as a means of attack?

It must be borne in mind, that the motive of the law of compensation is, to avoid useless transfers of money, and circuity of action.

There may be a difference of opinion upon the subject among the commentators. But we think the reasoning of Mr. Duranton is sensible and practical, when he says : " S'il s'agit d'une société commerciale en nom collectif, société dans laquelle les associés sont tenus solidairement des engagements de la société, contractés sous la raison sociale (art. 22 Code de Com.), on ne voit pas non plus pourquoi il ne pourrait m'opposer la compensation, même pour le tout, puisque je lui dois le total de la dette de la société. Cela ne peut faire aucun tort aux autres associés: au lieu de devoir à un tiers, ils devront à moi, leur co-associé. Si mon débiteur me payait, ne serais-je pas obligé de lui payer de suite à mon tour ma dette comme associé ? Si je ne le faisais pas, il aurait action contre moi." Duranton, vol. 12, p. 519, No. 542.

We are, therefore, clearly of opinion that the defendant had a right to plead in compensation the debt due to him by Bliss, as a member of the commercial firm of Bliss and Jones.

We have been referred to the case of Walsh v. Wells, 7 L. R. 340, n which the ruling was otherwise. We are constrained to say, that we cannot follow it; especially as no authority is cited in support of it, and the reasoning is unsatisfactory to our minds.

It will be observed, that the question here is not, whether the case is one in which compensation would take place by mere operation of law, but whether the defendant can plead in compensation.

Judgment reversed, cause remanded ; plaintiff to pay costs of appeal.